<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| BARRY HOCHBERG, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civ. Action No. 16-5307-BRM-LHG |
| LENOX, SOCEY, FORMIDONI, GIORDANO, COOLEY, LANG & CASEY, P.C., ROBERT F. CASEY, P.C., ROBERT F. CASEY, and JOHN DOES 1-25, | : : : : : | OPINION |
| Defendants. | : : | |

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss (ECF No. 11), pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendants Lenox, Socey, Formidoni, Giordano, Cooley, Lang & Casey, LLC, incorrectly sued herein as Lenox, Socey, Formidoni, Giordano, Cooley, Lang & Casey, P.C., Robert F. Casey, P.C., and Robert F. Casey (collectively, "Defendants"). Plaintiff Barry Hochberg ("Plaintiff") opposes this Motion. (ECF No. 14.) Oral argument was heard on January 4, 2017. (ECF No. 20.) For the reasons set forth herein, Defendants' Motion to Dismiss is **DENIED**.

**I. BACKGROUND[1]**

Defendants are attorneys licensed and practicing in New Jersey. (Compl. (ECF No. 1) at ¶¶ 7-9.) Plaintiff brings claims, on behalf of himself and all others similarly situated, against

---

[1] For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint (ECF No. 1) as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Defendants for filing a law suit in the Superior Court of New Jersey (the "Underlying Litigation") against Plaintiff and his wife, Helen Hochberg ("Ms. Hochberg"). (*Id.* at ¶¶ 14-25.) Defendants initiated the Underlying Litigation to collect on behalf of their client, American Trading Company ("American Trading"), a medical debt (the "Debt") that was allegedly not owed by Plaintiff. (*Id.*) According to the Complaint, it was Ms. Hochberg, not Plaintiff, who initially incurred the Debt to Centrastate Medical Center in exchange for medical services. (*Id.* at ¶ 15-18.) Prior to the filing of the Underlying Litigation, the Debt was assigned to American Trading. (*Id.* at ¶ 21.) Plaintiff alleges he was never contractually liable for the Debt and never signed any documents agreeing to be contractually liable for the Debt. (*Id.* at ¶ 16-17.)

Plaintiff contends Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by filing a complaint (the "Underlying Complaint") in the Underlying Litigation, which wrongfully alleged Plaintiff was contractually liable for the Debt, and for attempting to collect the Debt from Plaintiff. Specifically, Plaintiff claims Defendants violated §§ 1692e(2)(A) and 1692e(10) of the FDCPA by making false, deceptive, and/or misleading representations in the Underlying Complaint. Additionally, Plaintiff asserts by threatening to obtain judgment against Plaintiff, Defendants threatened to take action that cannot legally be taken or is not intended to be taken, in violation of § 1692e(5) of the FDCPA. Finally, Plaintiff contends Defendants' actions constituted engaging in unfair or unconscionable means to collect or attempt to collect a debt, in violation of § 1692f of the FDCPA.

Defendants move to dismiss all claims, pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiff cannot state a claim under the FDCPA because (1) as a matter of law, Plaintiff was liable for his wife's medical debts and (2) Plaintiff's claims are barred by New Jersey's entire controversy doctrine. (ECF No. 11.) Plaintiff opposes the Motion to Dismiss. (ECF No. 14.) The

Court held oral argument on January 4, 2017 and reserved decision. (ECF No. 20.) This Opinion followed.

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286, (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id*. This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id*. (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it

must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DECISION

"The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1171 n.1 (2013). By its terms, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors" while ensuring that "debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692. To that end, the FDCPA prohibits the use of any "false, deceptive, or misleading representations or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and creates a private right of action against debt collectors who fail to comply with its provisions. 15 U.S.C. § 1692k; *Marx*, 133 S. Ct. at 1171 n.1. To state a claim under the FDCPA, a plaintiff must establish (1) he is a "consumer" who has been harmed by (2) acts or omissions violating the FDCPA (3) of the defendant "debt collector" (4) in an attempt to collect a "debt" that arises out of a transaction entered into primarily for personal, family, or household purposes. *Block v. Seneca Mortg. Servicing*, Civ. No. 16-0449, 2016 U.S. Dist. LEXIS 150380, at *54 (D.N.J. Oct. 31, 2016); *see also Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3rd Cir. 1987); *Grant v. JP Morgan Chase Bank,* Civ. No. 12-CV-06248, 2013 U.S. Dist. LEXIS 51551, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013).

To determine whether a representation giving rise to a FDCPA claim is false, deceptive, or misleading, courts in the Third Circuit view the communication at issue "from the perspective of the least sophisticated debtor." *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015). The least sophisticated debtor standard "is lower than the standard of a reasonable debtor" such that "a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3rd Cir. 2008) (marks omitted). However, "the standard does not go so far as to provide solace to the willfully blind or non-observant." *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 149 (3rd Cir. 2013) (quoting *Campuzano-Burgos v. Midland Mgmt. Inc.*, 550 F.3d 294, 299 (3rd Cir. 2008)). The least sophisticated debtor "is still held to a quotient of reasonableness, a basic level of understanding, and a willingness to read with care*." Id.* at 149. Consequently, a debt collector "cannot be held liable for bizarre or idiosyncratic interpretations," and the least sophisticated debtor is expected to read any collection notice in its entirety. *Id.* Because the least sophisticated debtor is an objective standard, determining whether debt collection communications would deceive the least sophisticated debtor is a question of law, which can be decided on a motion to dismiss. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000); *Caprio*, 709 F.3d at 147.

On this Motion to Dismiss, Defendants do not dispute that Plaintiff is a "consumer" under the meaning of the FDCPA, or that under the facts alleged, Defendants qualify as "debt collectors" who were attempting to collect a "debt" that arose out of a transaction entered into primarily for a personal purpose. Indeed, it is well established in this circuit "[t]hat the FDCPA covers attorneys engaged in debt collection litigation." *Kaymark*, 783 F.3d at 176. Instead, Defendants assert Plaintiff fails to state a FDCPA claim, because, as a matter of law, Plaintiff was liable for the Debt

and, therefore, Defendants did not violate the FDCPA by bringing the Underlying Litigation against him. Additionally, Defendants argue Plaintiff should have raised his FDCPA claims in the Underlying Litigation, and is therefore barred from bringing this action by the entire controversy doctrine.

### A.  Spousal Liability for Debt

Defendants assert that, under New Jersey law, Plaintiff was liable for his wife's medical debts, because "both spouses are liable for necessary expenses incurred by either spouse in the course of the marriage" and "[m]edical debts are 'necessary debts'" under this doctrine. (Mem. of Law in Supp. of Defs.' Mot. to Dismiss (ECF No. 11-5) at 5); *see also Jersey Shore Med. Ctr.-Fitkin Hosp. v. Estate of Baum*, 84 N.J. 137, 151 (The income and assets of marital partners "are held for the benefit of the marital partnership and, incidentally, for creditors who provide necessaries for either spouse." However, "a creditor should have recourse to the property of both spouses only where the financial resources of the spouse who incurred the necessary expense are insufficient."). Plaintiff counters that even if he were liable for the Debt under New Jersey's doctrine of necessaries, the Underlying Complaint still violated the FDCPA, because it alleged Plaintiff was directly liable for the Debt, rather than indirectly liable by virtue of his marriage to Ms. Hochberg. The Court agrees.

The Underlying Complaint alleges in pertinent part:

> SECOND COUNT: [American Trading] sues [Plaintiff and Ms. Hochberg] for the goods sold and delivered and/or services rendered by [American Trading] to [Plaintiff and Ms. Hochberg] upon the promise by [Plaintiff and Ms. Hochberg] to pay the agreed amount. . . .
>
> THIRD COUNT: [American Trading] sues [Plaintiff and Ms. Hochberg] for the reasonable value for goods sold and delivered, and/or services rendered by [American Trading] to [Plaintiff and

Ms. Hochberg] upon the promise of [Plaintiff and Ms. Hochberg] to
pay a reasonable price for the same. . . .

FOURTH COUNT: [Plaintiff and Ms. Hochberg], being indebted to
[American Trading] in the sum of $17398.50 upon an account stated
between them, did promise to pay to [American Trading] said sum
upon demand. . . .

FIFTH COUNT: [American Trading] sold and delivered goods
and/or rendered services in the amount of $17398.50 for which
[Plaintiff and Ms. Hochberg have] been unjustly enriched in said
amount.

(ECF No. 1-1 at 3-4.)

Under the least sophisticated debtor standard, these allegations are objectively false or
misleading, because they assert (1) Plaintiff personally received goods and services provided by
American Trading and (2) Plaintiff personally promised to pay an agreed amount for these
services, pay a reasonable price for these services, and pay the debt for these services. Nowhere in
the Underlying Complaint did Defendants clarify that Ms. Hochberg, rather than Plaintiff, received
the benefit of the goods and services at issue, or that Plaintiff was only liable for the Debt as her
husband, through the doctrine of necessaries. Under the facts alleged, Plaintiff did not contract
directly with Centrastate Medical Center or American Trading, he did not promise to pay for the
medical treatment of his wife, and he did not personally receive the goods or services at issue from
Centrastate Medical Center or American Trading. (ECF No. 1 at ¶ 15-18.) Taking these allegations
as true, Defendants' claims in the Underlying Complaint were false and misleading statements
within the meaning of the FDCPA. As such, even if Plaintiff was liable for the Debt under the
doctrine of necessaries,[2] Plaintiff has stated a claim under the FDCPA by alleging that Defendants
misrepresented the basis for Plaintiff's liability in the Underlying Complaint.

---

[2] The Court declines to rule on this Motion to Dismiss as to whether, under the facts alleged,
Plaintiff was indeed liable for the Debt pursuant New Jersey's doctrine of necessaries.

### B. Entire Controversy Doctrine

Defendants also assert Plaintiff's FDCPA claims are barred by the entire controversy doctrine for two reasons: (1) Defendants were obligated to name Plaintiff as a defendant in the Underlying Complaint and (2) Plaintiff was required to raise his FDCPA claims in the Underlying Litigation. Regarding Defendants' first argument, however, even accepting that Plaintiff was a necessary party to the Underlying Litigation, under the facts alleged, Defendants nonetheless violated the FDCPA by making false and misleading statements about the nature of the Debt in the Underlying Complaint. Moreover, if, as Defendants assert, New Jersey state law did indeed conflict with the FDCPA, "it would be state law and not the FDCPA that would have to yield." *Piper v. Portnoff Law Assocs.*, 396 F.3d 227, 235 n.10 (3d Cir. 2005) (citing 15 U.S.C. § 1692n (1994); *see also Romea v. Heiberger & Assocs.*, 163 F.3d 111, 118 n.10 (2d Cir. 1998)).

Regarding Defendants' second argument, the Court finds Plaintiff's claims in this action are not barred by the entire controversy doctrine. New Jersey's entire controversy doctrine is "an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Chavez v. Dole Food Co.*, 836 F.3d 205, 228 n.130 (3d Cir. 2016). The doctrine

> requires a party to bring in one action all affirmative claims that it might have against another party or be forever barred from bringing a subsequent action involving the same underlying facts. The central consideration is whether the claims arise from related facts or the same transaction or series of transactions.

*Opdycke v. Stout*, 233 F. App'x 125, 129 (3d Cir. 2007) (marks and citations omitted); *see also Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015). "The purposes of the doctrine are threefold: (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency

and the avoidance of waste and the reduction of delay." *Ditrolio v. Antiles*, 142 N.J. 253, 267 (1995). The Third Circuit has ruled that "[a] federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738 (1994)." *Litgo N.J., Inc. v. Comm'r N.J. Dep't of Envtl. Prot.*, 725 F.3d 369, 400 n.2 (3d Cir. 2013) (quoting *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997)).

On this Motion to Dismiss, Defendants argue Plaintiff was required by the entire controversy doctrine to join Defendants as third-party defendants in the Underlying Litigation and assert his FDCPA claims against them in that action. Defendants contend Plaintiff's failure to bring third-party FDCPA claims against them in the Underlying Litigation precludes him from bringing those claims in the present action. However, Defendants' argument is fundamentally flawed in that the entire controversy doctrine only applies to claims that arise from related facts or the same transaction or series of transactions. *See Ricketti*, 775 F.3d at 613; *Opdycke*, 233 F. App'x at 129. The entire controversy doctrine does not apply to Plaintiff's FDCPA claims against Defendants, because they arise from different facts than American Trader's claims against Plaintiff in the Underlying Litigation. Specifically, American Trader's claims in the Underlying Litigation arose from Ms. Hochberg's alleged failure to pay for medical services that she received from Centrastate Medical Center. (*See* ECF No. 1-1.) Conversely, in the present action, Plaintiff's claims arise from Defendants' alleged use of false and misleading statements in the Underlying Complaint. Because the claims in the Underlying Litigation and the claims in the present action arose from two completely independent transactions, the entire controversy doctrine is not implicated in this case.

Furthermore, although New Jersey's entire controversy doctrine previously required mandatory joinder of claims against third-parties, *see Rycoline*, 109 F.3d at 885, "since 1998,

automatic preclusion of a successive suit has not been the appropriate sanction in New Jersey for failure to join a defendant in an earlier action concerning the same subject matter." *Ricketti*, 775 F.3d at 614. New Jersey's Court Rules "now contemplate less draconian sanctions if they will suffice and dismissal only if the noncompliance was 'inexcusable' and 'the right of the undisclosed party to defend' a successive action was 'substantially prejudiced.'" *Id.* (quoting N.J. Ct. R. 4:5-1(b)(2)). Here, Defendants have not asserted that Plaintiff's failure to join them as third-party defendants in the Underlying Litigation was "inexcusable" or that it "substantially prejudices" their right to defend themselves in this action. Accordingly, even if Plaintiff was required to join Defendants in the Underlying Litigation (which he was not), Defendants have not articulated a reason why the appropriate sanction for this infraction would be dismissal of the present action. Accordingly, Defendants' Motion to Dismiss on the basis of the entire controversy doctrine is denied.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **DENIED**. An appropriate Order will follow.

**Date: March 24, 2017**                    */s/ Brian R. Martinotti*
                                      **HON. BRIAN R. MARTINOTTI**
                                      **UNITED STATES DISTRICT JUDGE**